UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONALD EPPS,
    Plaintiff,

v.

LINEBARGER GOGGAN BLAIR &
SAMPSON, LLP,
    Defendant.

Civil Action No.

JURY DEMANDED

## COMPLAINT

1.     Linebarger Goggan Blair & Sampson, LLP, a debt collector, unlawfully pursued a collection action against the Plaintiff, Donald Epps, for a debt he never owed. Mr. Epps brings this action for redress of Defendant's violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

### JURISDICTION

2.     Jurisdiction of this court arises under 15 U.S.C. §§ 1692e and 1692f, and 28 U.S.C. § 1337.

### VENUE

3.     Venue in this district is proper because Mr. Epps's claim arises from Defendant's unlawful filing of an administrative complaint against Mr. Epps in this district. 28 U.S.C. § 1391(b)(2).

1

## PARTIES

4. Plaintiff, Donald Epps, lives in Chicago. He is a Navy veteran with a service-connected physical disability.

5. Mr. Epps is a "consumer," as the term is defined in 15 U.S.C. § 1692a.

6. Defendant, Linebarger Goggan Blair & Sampson, LLP, is a law and collection firm organized as a Texas limited liability partnership. Defendant has offices in Illinois and consistently conducts business in Illinois.

7. At all relevant times, Defendant was a "debt collector" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

8. Mr. Epps's mother, Patricia Epps, owned a home located at 10005 South Perry Avenue in Chicago, Illinois ("the Premises"), from the early 1970's until she died on March 2, 2003.

9. Mr. Epps has not lived in the Premises since approximately 1999, long before his mother passed away in 2003.

10. About five years before she died, Patricia Epps took out a reverse mortgage on the Premises.

11. After Patricia Epps's death, the reverse mortgage lender or its agent or assignee filed a foreclosure case on the Premises in the Circuit Court of Cook County, numbered 03-CH-16331.

12. Mr. Epps was not named, did not appear, and did not participate in any way in the foreclosure proceedings.

13. On June 21, 2004, a judicial deed issued for the Premises in favor of the foreclosing plaintiff.

14. On July 25, 2004, the deed was recorded in favor of the Chicago Land Trust Company as trustee.

15. At least twice since then, the Premises has been conveyed to new owners.

16. Neither Patricia Epps nor any of her heirs or devisees owned the Premises after June 21, 2004, when the deed issued in the foreclosure case.

17. Patricia Epps had a will, but Mr. Epps never saw it. He believes the will left the Premises to him, his sister, and his brother. Mr. Epps believes his sister probated the will in 2005, after the foreclosure case was over.

18. Mr. Epps did not participate in the probate proceedings and did not receive any property from his mother's estate.

19. Mr. Epps has never been an owner of the Premises.

20. On January 6, 2017, Defendant, representing the City of Chicago, filed an administrative complaint ("Complaint") seeking over $2,200 in unpaid water and sewer bills, costs and attorney fees from Mr. Epps and his sister.

21. Defendant alleged that the bills arose from water and sewer service to the Premises between November 2001 and November 2004.

22. According to documents attached to the Complaint, the original bill was $838. The remainder of the damages sought came from fees or penalties that accrued after November 2004.

23. Mr. Epps first learned about the Complaint and the alleged debt when he received a copy of the administrative summons in the mail, shortly after January 28, 2017.

24. When he received the summons, Mr. Epps called Defendant and orally disputed the debt, explaining that he never owned the Premises.

25. Mr. Epps attended the second status date in the administrative suit on February 24, 2017, where the administrative law judge advised him that he should retain a lawyer.

26. Mr. Epps spent $33.53 to commute twice from his home in Lansing, Illinois, to the Chicago administrative hearing building in Chicago and to retain counsel in Chicago.

27. Mr. Epps retained counsel in March 2017.

28. On March 24, 2017, Mr. Epps recorded a disclaimer of any interest he may have had in the Premises.

29. Mr. Epps spent $51 to record the disclaimer of interest with the Cook County Recorder.

30. In March 2017 and repeatedly thereafter, Mr. Epps's counsel explained orally and in writing to Defendant that Mr. Epps had never owned the Premises and had recorded a valid disclaimer of interest.

31. Defendant did not dismiss the Complaint until August 2017.

32. Before Defendant dismissed its baseless Complaint, Mr. Epps spent considerable time and effort to defend himself against it.

## CLAIM FOR RELIEF

## Violation of FDCPA

33. As his claim for violations of the FDCPA, Mr. Epps incorporates and re-alleges the paragraphs set forth above, as if fully stated herein.

34. The FDCPA prohibits debt collectors, such as Defendant, from any false or misleading representation or deceptive means in connection with the collection of any debt. 15 U.S.C. § 1692e.

35. The FDCPA prohibits debt collectors, such as Defendant, from the use of any unfair or unconscionable means to collect any debt. 15 U.S.C. § 1692f.

36. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C.A. § 1692a(5).

37. The water and sewer bills Defendant pursued in the administrative action are consumer "debt" under 15 U.S.C. § 1692a.

38. Defendant violated the FDCPA by falsely representing that Mr. Epps had any legal responsibility for a water bill that accrued on Premises that had been owned by his deceased mother.

39. Defendant violated the FDCPA by unfairly attempting to collect a debt from Mr. Epps, a person with absolutely no liability for that debt, and as to whom any theory of liability was frivolous.

40. Under Illinois law, a transfer of property by devise requires the assent of the devisee, and title may not vest against the will of an heir.

41. Mr. Epps never assented to or accepted ownership or title to the Premises after Patricia Epps died.

42. Mr. Epps did not contest the foreclosure of the property, which awarded title to Patricia Epps's mortgage lender (or its assignee).

43. Mr. Epps never took possession of the Premises, and had not lived there since long before his mother died.

44. Mr. Epps' recording of a disclaimer in interest had the same effect, with regard to the Premises, as if he had died before his mother, i.e. as though he had never had any legal interest in the Premises.

45. Mr. Epps never contracted for the services upon which the debt was based.

46. In Chicago, where the Premises was located, water and sewer bills run with the property, so that subsequent purchasers obtain real estate subject to any outstanding water and sewer bills.

47. There was never any legal basis to claim Mr. Epps owed the debt for which Defendant sued him in the Complaint.

48. Defendant's Complaint violated 15 U.S.C. § 1692e(10) by falsely asserting that Mr. Epps was responsible for bills accruing on the Premises, in its attempt to collect that debt.

49. Defendant's Complaint was particularly egregious in two respects. First, with respect to the debt accruing after June 2004 (the vast majority of the debt), when title had plainly been awarded as a matter of public record to the foreclosing plaintiff. And secondly, with respect to and (b)

50. Defendant's conduct was intentional or grossly negligent, in that the public record affirmatively demonstrates that Mr. Epps had no obligation to pay this debt.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Donald Epps, respectfully requests that judgment be entered in his favor and against the Defendant for:

(a)  actual damages of $84.53 + $100 for travel nuisance and frustration;

(b)  statutory damages pursuant to 15 U.S.C. § 1692k;

(c)  attorney fees and costs pursuant to 15 U.S.C. § 1692k; and

(d)  such other and further relief as may be just and proper.

## PLAINTIFF REQUESTS JURY TRIAL

**Dated: January 5, 2018**

**Respectfully submitted,**

/s/ *Shelmun Dashan*
Attorney for Plaintiff

Shelmun Dashan/LAF
Attorney ID: 6312623
120 S. LaSalle St. Suite 900
Chicago, IL 60603
(312) 229-6017
sdashan@lafchicago.org